```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Bruce A. Ryan,                    :
          Plaintiff,              :
                                  :
     v.                           :    Case No. 2:12-CV-98
                                  :
Town of Berlin,                   :
Officer Christopher L. Wade,      :
          Defendants.             :
```

### Opinion and Order

Plaintiff Bruce Ryan, proceeding *pro se*, brings this § 1983 action against the Town of Berlin ("Town") and Berlin Police Officer Christopher Wade claiming that the Defendants violated his rights by issuing him a citation for trespassing on July 31, 2011.  Compl. ¶¶ 16-18, ECF No. 6.  Specifically, Ryan argues that his rights were violated because Officer Wade did not have probable cause to issue the citation.  *Id.*  Ryan seeks $1,000,000 in damages for the emotional distress he has allegedly suffered.

The Town now moves for judgment on the pleadings, arguing that Ryan has failed to allege sufficient facts to establish liability under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978).  Def. Mot. J. Pleadings, ECF No. 26.  For the reasons set forth below, the Town's motion is GRANTED, and Ryan is granted leave to file an Amended Complaint within 30 days.

1

## BACKGROUND[1]

This case arises from Berlin Police Officer Wade's determination that Plaintiff Ryan had trespassed on the Montpelier Gun Club's ("Club") property in Berlin, Vermont, in July 2011, in violation of a Notice Against Trespass that the Club sent Ryan on April 14, 2009.[2]

On July 31, 2011, Ryan was "walking in or next to" the Winooski River in Berlin. *Id.* ¶¶ 5-6. He believed that the area was State property, not Club property, under the Vermont Constitution's Public Trust Doctrine. *Id.* Steven Bigras, a Club member, called the Berlin police stating that Ryan was on Club property in violation of the Notice. Pl. Second Opp'n Def. Mot. J. Pleadings, ECF No. 31, Ex. A, Affidavit of Officer Wade ("Wade Aff.") ¶ 1. Officer Wade met Ryan as he was returning to his car. *Id.* ¶ 2. Bigras took Officer Wade to the location that he had seen Ryan standing. *Id.* ¶ 3. The officer matched boot tracks in the sand with Ryan's boots as well as marks he

---

[1] The following facts are taken from Plaintiff's Complaint and Officer Wade's Affidavit. The Court may rely upon Officer Wade's Affidavit because it is referred to in the Complaint and heavily relied upon, such that it is integral to the Complaint. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)(courts may rely on documents incorporated by reference in the complaint, or heavily relied upon by the complaint)).

[2] Ryan alleges that the Notice was sent because Ryan reported to the United States Environmental Protection Agency that members of the Club were shooting lead into the Winooski River. *See* Compl. Ex. A, 2-3.

2

believed had been made by the stick Ryan had been carrying.  *Id.*  Based on Bigras's representation that the area was Club property, Officer Wade issued Ryan a citation for Unlawful Trespass.  *Id.* ¶¶ 3-4; Compl. ¶ 6.[3]

## LEGAL STANDARD

In deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court uses the same standards applicable to motions to dismiss under Rule 12(b(6).  *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

---

[3] Judge H.E. Van Benthuysen of the Washington County Superior Court found probable cause for the citation on August 24, 2011.  *See* Def. Mot. J. Pleadings, Ex. A, 1.  Although not in the Complaint, the Court may rely on the docket sheet because it is a public record of which the Court may take judicial notice.  *See Mangiafico*, 471 F.3d at 398. However, the Court takes notice of the docket sheet merely to determine what statements were made, not to prove the truth of the matter asserted.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

The Court will accept as true all factual allegations in the Complaint and draw all reasonable inferences in the plaintiff's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A Court "must interpret the factual allegations of a *pro se* complaint to raise the strongest arguments that they suggest." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks omitted). "A *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

## DISCUSSION

I.  <u>Town of Berlin</u>

The Town argues it is entitled to judgment on the pleadings because Ryan has not alleged sufficient facts to satisfy a *Monell* claim. Def. Mot. J. Pleadings 7. Under *Monell*, a local government may be liable under § 1983 if the government itself deprives a person of their rights through an official policy or custom. 436 U.S. at 690-95. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Id.* at 691. "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2)

4

causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal citation omitted).

The Complaint alleges only that the Town was Officer Wade's employer, makes reference to "vicarious liability," and offers no facts to support a claim of municipal liability. Compl. ¶ 3. Ryan's response to the Town's motion, however, asserts that the Town may be held liable for failure to properly train its officers about the Public Trust Doctrine. *See Rodriguez v. McGinnis*, 1 F.Supp.2d 244, 246-47 (S.D.N.Y. 1998) (a court may "consider allegations of a *pro se* plaintiff in opposition papers on a motion where . . . those allegations are consistent with the complaint."); Compl. ¶ 11 ("[Officer Wade] should have known he violated the Plaintiffs *Civil Rights* (access to the Winooski River and its tributaries) of freedom, [through] the 'Public Trust Doctrine' to walk the river up to the high water mark."); *see also* Pl. Opp'n Def. Mot. J. Pleadings ("Pl. Opp'n"), ECF No. 29, 7 ("A direct and proximate cause of the violation of the Plaintiff's constitutional rights which took place that day can only be identified as a training deficiency by [Officer Wade's] [e]mployer, the Town of Berlin."). As a result of this failure, Ryan claims, he was issued a citation without "sufficient probable cause." Compl. ¶ 18.

5

A *Monell* claim is "at its most tenuous" when based on a local government's decision not to train its employees about their duty to avoid violating certain rights. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).  A municipality's failure to train its employees is only a policy if that failure "evidences a 'deliberate indifference' to the rights of its inhabitants."  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).  To make a plausible claim of deliberate indifference, the Second Circuit requires that a plaintiff show:

> (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "that the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights."

*Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir. 2009) (quoting *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)).  It is not enough to show that an officer was negligently trained or that a well-trained officer would have avoided the constitutional violation.  *Id.* at 440-41 (quoting *Canton*, 489 U.S. at 390-91).  The municipal policymaker must have had "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights."  *Connick*, 131 S. Ct. at 1360.

6

Ryan's current Complaint is plainly insufficient, as it relies soles upon vicarious liability and provides no basis for a *Monell* claim.  Even if the Court considers the arguments set forth in Ryan's opposition papers, his factual allegations do not show the Town's policymakers knew or should have known "to a moral certainty" that its training policy was deficient.  Such knowledge requires notice.

Ryan contends the Berlin Chief of Police had notice of his rights based on a letter Ryan sent to the Berlin Police Department on or around March 20, 2009.  *See* Compl. ¶ 8.  However, in the letter, Ryan never mentioned the Public Trust Doctrine, the Vermont Constitution, or claimed that he would continue exercising his right to walk in and adjacent to the Winooski River in the area allegedly abutting the Club's property.  *See id.* at Ex. A, 2.  In fact, he claimed to not have been on the Club's land for over 15 years.[4]  *Id.*

Additionally, it is unclear from the Complaint what constitutional right plaintiff is asserting.  A § 1983 claim may not be based on allegations that the initiation of a criminal prosecution was wrongful because there was no probable cause.

---

[4] In Plaintiff's opposition to the Town's motion, he explains that "[he] has been going to this area in front of the Montpelier Gun Club from time to time over the past 15 or so years." Pl. Opp'n 2. However, solely looking at the statements in the letter and in the Complaint, it would be unreasonable to infer that the Chief had notice that Plaintiff was continuing to walk on the area abutting the Winooski River.

*See Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997). "Rather, in order to prevail on such a claim under § 1983, the plaintiff must show a violation of his rights under the Fourth Amendment." *Id.* (citing *Albright v. Oliver*, 510 U.S. 266 (1994) (plurality opinion)). Therefore, in order for Plaintiff to succeed on his § 1983 claim, he must show that he was deprived of liberty guaranteed under the Fourth Amendment.

In his opposition to the Town's motion, Ryan states that the violation of his Fourth Amendment rights was "being falsely arrested and summoned into criminal court on an assertion of false information given to the arresting police officer." Pl. Opp'n 1. However, in the Complaint he asserts that he was merely given a citation, not arrested. *See* Compl. ¶¶ 5-6.[5] If Ryan seeks to allege false arrest as the constitutional violation, he must state this ground in his pleadings.

Despite the current deficiencies in the Complaint, a liberal reading of the pleadings indicates the possibility that Ryan could state a valid claim. Therefore, the Court dismisses the claims against the Town without prejudice, and grants Ryan leave to amend. *See Grullon*, 720 F.3d at 139. The Amended Complaint should include any factual allegations from which the Court could find a plausible claim of municipal liability. It

---

[5] Moreover, Officer Wade's affidavit indicates that Ryan was not, in fact, arrested, but merely given a citation to appear in court a month later. *See* Wade Aff. ¶ 4.

8

should also specify how Ryan was deprived of liberty guaranteed by the Fourth Amendment.  The Amended Complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint.  The Amended Complaint must be filed within 30 days of the date of this Opinion and Order.

II.  <u>Officer Wade</u>

The other Defendant in the case is Officer Wade, against whom Ryan also brings a § 1983 claim.  It is not clear, however, whether Officer Wade is being sued in his individual capacity, his official capacity, or both.

A claim under § 1983 against a government employee in his or her official capacity is a claim against the governmental entity itself.  *See Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This Court has consistently dismissed municipal employees named in their official capacities on the ground that it is duplicative to essentially name the governmental entity twice.  *See, e.g.*, *Nolen v. City of Barre*, No. 2:10-CV-241, 2011 WL 805865, *5 (D. Vt. Mar. 1, 2011) (citing *DeJean v. Cnty. of Nassau*, 2008 WL 111187, at *5 (E.D.N.Y. Jan. 8, 2008); *Escobar v. City of New York,* No. 1:05-CV-3030, 2007 WL 1827414, at * 3 (E.D.N.Y. June 25, 2007)).  Accordingly, the Amended Complaint should clarify whether Ryan is suing Officer Wade in his individual or official

capacity (or both), keeping in mind this Court's precedent with respect to official capacity claims.

III. <u>State Law Claims</u>

The Complaint also suggests that Ryan is bringing a state law *quantum meruit* claim. Indeed, he titled his only count "*quantum meruit*." The Town claims to be immune from any state law claims. Ryan has since clarified that he intended to bring this case exclusively under § 1983. *See* Compl. 4; Pl. Opp'n 1 ("The Plaintiff brings this action against the Defendant the Town of Berlin, Vermont pursuant to 42 U.S.C. § 1983."); Pl. Second Opp'n Def.'s Mot. J. Pleadings ("Second Opp'n"), ECF No. 31, 1 (same).

According to Black's Law Dictionary, *quantum meruit* is "[a]t common law, a claim or right of action for the reasonable value of services rendered. *Quantum meruit* is still used today as an equitable remedy to provide restitution for unjust enrichment." Black's Law Dictionary (9th ed. 2009). Nowhere in the Complaint has Plaintiff alleged that he rendered services for the Town or that the Town was in some way unjustly enriched by his actions. Moreover, neither in his Complaint nor his responses to the Town's motion does Plaintiff mention a desire to vindicate any rights under Vermont law.

Because Ryan has disavowed any state law claim, and in any event has not alleged facts to support such a claim, the Court declines to address the Town's immunity argument at this time.

## CONCLUSION

For the reasons stated above, the Town's motion for judgment on the pleadings is GRANTED, the Town is dismissed from the case without prejudice, and Ryan may amend his claims against the Town and Officer Wade in an Amended Complaint. The Amended Complaint shall be filed within 30 days, and failure to comply with this deadline may result in the dismissal of the Town with prejudice.

DATED at Burlington, in the District of Vermont, this 21st day of May, 2014.

/s/ William K. Sessions III
William K. Sessions III
United States District Judge
